NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTINE ASING,

      Plaintiff - Appellant,

  v.

HAWAII GOVERNMENT EMPLOYEES
ASSOCIATION - AFSCME LOCAL 152,
AFL-CIO, (HGEA/AFSCME Local 152),

      Defendant - Appellee.

No. 24-3101

D.C. No.
1:23-cv-00335-HG-KJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted June 3, 2025[**]
Honolulu, Hawaii

Before: W. FLETCHER, CHRISTEN, and DESAI, Circuit Judges.

      Christine Asing appeals the district court's dismissal of her First Amended

Complaint ("FAC") without leave to amend for failure to state a claim under Federal

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 12(b)(6). She sued the Hawaii Government Employees Association – AFSCME Local 152, AFL-CIO ("union") under Title VII, alleging that it aided and abetted her employer's religious discrimination because it declined to file a grievance on her behalf after her employer denied her request for a religious exemption to its COVID-19 testing requirement. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. "We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6), accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

Title VII makes it "an unlawful employment practice for a labor organization to . . . discriminate against any individual because of his race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(c)(1) (cleaned up). "A union violates Title VII if it deliberately declines to pursue a member's claim because of the member's" protected class. *Beck v. United Food & Com. Workers Union, Local 99*, 506 F.3d 874, 882 (9th Cir. 2007); *Bostock v. Clayton Cnty.*, 590 U.S. 644, 656 (2020).

We apply the burden-shifting framework from *McDonnell Douglas Corp. v.*

*Green*, 411 U.S. 792 (1973), to Title VII claims against unions. *Beck*, 506 F.3d at 882. At the first step, a plaintiff must plead a prima facie claim of discrimination. *Id.* "[A] union member can make a prima facie claim of discrimination by introducing evidence that the member was singled out and treated less favorably than others similarly situated on account of" their protected class. *Id.* (quotation omitted). "Alternatively, a plaintiff can prevail merely by showing direct or circumstantial evidence of discrimination." *Hittle v. City of Stockton*, 101 F.4th 1000, 1012 (9th Cir. 2024).

Asing's FAC fails to plead any facts that state a plausible prima facie claim of discrimination. Indeed, the FAC alleges that the union consistently declined to pursue grievances for its members who did not comply with the testing requirement, suggesting that the union did not decline to file a grievance because of Asing's religious beliefs. No other facts alleged in the FAC contradict or overcome this inference.

The FAC's two allegations of "similarly situated" union members fail to raise a plausible inference that the union treated Asing less favorably because of her religious beliefs. Asing alleges that the union pursued grievances on behalf of members who failed to comply with a different COVID policy that required employees to quarantine for ten days after travel. Those members are not proper comparators because they engaged in materially different conduct than Asing. *See*

*Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010). Further, the union pursued those grievances on behalf of *all* members "affected by the policy," including members who share Asing's religious beliefs. Thus, these comparators do not support the inference that the union acted more favorably towards members *outside* the protected class. *See Beck*, 506 F.3d at 883.

Similarly, the FAC alleges that the union declined to file grievances on behalf of at least "two other similarly situated Bible-believing Christians" who refused COVID testing. But those individuals share Asing's beliefs and thus do not demonstrate that the union treated Asing less favorably than union members with different religious beliefs. *See id.*

The rest of the FAC contains only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which "do not suffice." *Iqbal*, 556 U.S. at 678. Because Asing does not plead any facts supporting a prima facie case of discrimination, she fails to state a claim under Title VII.

2.      "We review for abuse of discretion a district court's dismissal with prejudice and without leave to amend." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1141–42 (9th Cir. 2021). "Leave to amend need not be granted when an amendment would be futile," which the district court determined to be the case here. *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1098 (9th Cir. 2002), *abrogated on other grounds*, *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747 (9th

Cir. 2023). The FAC fails to cure the defects in Asing's original complaint. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). And Asing does not specify any additional facts she would plead if granted leave to amend. *See In re Vantive*, 283 F.3d at 1098. Thus, the district court did not abuse its discretion in declining to grant Asing leave to amend.

**AFFIRMED.**